IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

    v.

CHARLIE WILLNAUER, et al.,

    **Defendants.**

Case No. 5:19-cv-03117-HLT

## MEMORANDUM AND ORDER

Plaintiff, Patrick C. Lynn, brings this pro se prisoner civil rights case under 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 28.) This matter is before the Court on Plaintiff's Motion for Stay of Martinez Report Order and Request for Oral Argument (Doc. 46).

On April 13, 2021, the Court screened Plaintiff's First Amended Complaint ("FAC") and entered a Memorandum and Order denying without prejudice Plaintiff's request for appointment of counsel; directing the officials responsible for the operation of LCF and the Hutchinson Correctional Facility ("HCF") to provide a *Martinez* Report regarding Plaintiff's medical care on various dates; and dismissing various claims and defendants set forth in the FAC. (Doc. 45.) Plaintiff now seeks to alter or amend the Court's decision, and requests a stay, a video conference hearing, and appointment of counsel.

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

The Court denies Plaintiff's request for appointment of counsel for the same reasons set forth in the Court's Memorandum and Order at Doc. 45.  The Court denied the motion without prejudice to refiling the motion if Plaintiff's claims survive screening.  (Doc. 45, at 42–43.)  Plaintiff's claims have not survived screening at this stage of the proceedings.

Plaintiff seeks to alter or amend this Court's April 13, 2021 Memorandum and Opinion under Rule 59(e).  Plaintiff alleges that the Court erroneously dismissed some of Plaintiff's valid claims as set forth in his FAC.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a).  Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings.  *Id*.  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  Plaintiff has not established an intervening change in the controlling law or the need to correct clear error or prevent manifest injustice.  Plaintiff rehashes prior arguments and presents additional facts that could have been presented in earlier filings.  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its April 13, 2021 Memorandum and Opinion, and that ruling stands.

Plaintiff suggests that a stay is warranted because he is currently in segregation.  The Court notes that the *Martinez* Report is due within 60 days of the Court's April 13, 2021 Memorandum and Order.  Plaintiff has no pending deadlines that he is required to comply with and no action he needs to take in this case prior to the filing of the *Martinez* Report.  The Court's Memorandum and Order provides that "[n]o answer or motion addressed to the FAC shall be filed until the *Martinez* Report required herein has been prepared and filed . . . [d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the FAC and the report ordered herein . . . [and] [t]his action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f)."  (Doc. 45, at 46.)  Plaintiff's request for a stay and for a video tele-conference are denied.

Plaintiff mentions that this Court's "erroneous judgment and determinations" should require the undersigned to recuse.  Plaintiff has not filed a proper motion for recusal.  Regardless, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  To the extent Plaintiff requests the undersigned to recuse, the request is denied.

THE COURT THEREFORE ORDERS that Plaintiff's Motion for Stay of Martinez Report Order and Request for Oral Argument (Doc. 46) is denied.

IT IS SO ORDERED.

3

Dated: April 26, 2021            /s/  *Holly L. Teeter*
                                 HOLLY L. TEETER
                                 UNITED STATES DISTRICT JUDGE