IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

    v.

CHARLIE WILLNAUER, et al.,

    **Defendants.**

Case No. 5:19-cv-03117-HLT

## MEMORANDUM AND ORDER

Plaintiff, Patrick C. Lynn, brings this pro se prisoner civil rights case under 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 28.) On April 13, 2021, the Court screened Plaintiff's First Amended Complaint ("FAC") and entered a Memorandum and Order denying without prejudice Plaintiff's request for appointment of counsel; directing the officials responsible for the operation of the Lansing Correctional Facility and the Hutchinson Correctional Facility to provide a *Martinez* Report regarding Plaintiff's medical care on various dates; and dismissing various claims and defendants set forth in the FAC. (Doc. 45.)

This matter is before the Court on Plaintiff's Motion for Show Cause Order (Doc. 54), Motion for Orders (Doc. 55), and Motion for Leave to Add Additional Defendants (Doc. 56). Four proposed filings submitted by Plaintiff on September 7, 2021, are also before the Court: a Motion for Leave to File Supplement Complaint; Proposed Supplemental Complaint; Proposed Supplemental Complaint Exhibits; and Motion for Stay.

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

## I. Filings Submitted by Plaintiff on 9/01/21 and 9/07/21

Plaintiff's motion seeking a show cause order asks the Court to hold EDCF staff accountable for their "ongoing maliciously unconstitutional & deviant criminal mistreatment." Plaintiff alleges a denial of court access that is preventing him from meeting a deadline in *Lynn v. Kelly* pending before the Tenth Circuit Court of Appeals. Plaintiff asks the Court to recognize that he is entitled to immediate resentencing and release, and claims he is being denied court access to file a state habeas action to obtain that relief. Plaintiff complains about the conditions and staff at EDCF and an incident occurring in 2020 that allegedly resulted in the death of an inmate who suffered a heart attack. Plaintiff seeks a show cause order from the court ordering the Kansas Department of Corrections to explore the facts and to order the Kansas United States Attorney to present evidence to a federal grand jury. Plaintiff attaches a grievance he filed on August 31, 2021, regarding his property and a recent medical issue. Plaintiff also complains about staff in the grievance.

In his motion for orders, Plaintiff alerts the Court to his change of address, noting that he was transferred to EDCF on August 30, 2021.[2] Plaintiff alleges that his property was seized for inspection when he was transferred to EDCF. Plaintiff seeks an order requiring immediate delivery of his property to him, so that he can meet his filing deadline in *Lynn v. Kelly*. Plaintiff also complains about rude comments from a UTM at EDCF, claims he is prejudiced against white inmates, and asks the Court to order the warden to conduct an in-house investigation into the UTM and restrict his contact with Plaintiff. Plaintiff also wants an order requiring the warden to grant Plaintiff two hours of library time each day for two weeks and twice a week thereafter. Plaintiff again states that he is entitled to immediate resentencing on his 1996 state criminal case.

---

[2] The Clerk has noted the change of address on the docket.

2

Plaintiff's motion for leave to add additional defendants seeks to add defendants regarding his medical care at EDCF on July 30, 2020. Plaintiff alleges that he declared a medical emergency and when the LPN came to his cell Plaintiff refused to cuff up because the guard wanted him to be handcuffed behind his back. Therefore, the nurse and guard left Plaintiff's cell. Plaintiff claims that CS1 Echols and another guard denied him proper medical care and he did not receive proper care until three hours later when there was a shift change. Plaintiff states that he believes he raised this issue in this case, but that the Court did not include it in the order for a *Martinez* Report. Plaintiff asks the Court to order counsel for defendants to include this incident in the *Martinez* Report. Plaintiff alleges that Echols made snide remarks to Plaintiff on August 31, 2021. Plaintiff also wants the Court to order counsel to provide evidence regarding the death of another unnamed inmate that died at EDCF in 2020. Plaintiff believes there is another pending suit regarding the death. Plaintiff wants a no-contact order enjoining Echols from having contact with Plaintiff, and an order to the United States Attorney to initiate grand jury proceedings. Plaintiff also states that he is sending the motion to EDCF counsel for filing because staff at EDCF are refusing to file it.

On September 7, 2021, Plaintiff also submitted for filing a motion for leave to file a supplemental complaint, a proposed supplemental complaint with exhibits, and a motion for stay. The motion for leave and proposed supplemental complaint are based on Plaintiff's medical care at EDCF on July 30, 2020, as well as ongoing complaints regarding his conditions at EDCF. In the alternative, Plaintiff asks the Court to grant him leave to file a separate suit based on these claims under the imminent danger exception to the three-strikes provision.

The motion for stay seeks to have this Court stay and/or set aside the filing restrictions order entered against Plaintiff in another case pending before another judge. Plaintiff also suggests that the undersigned should recuse for declining to take this action. Plaintiff states that he will also be filing a motion seeking a stay from the Supreme Court.

## II. Discussion

Plaintiff is subject to filing restrictions imposed on him in *Lynn v. Lundry*, Case No. 20-3116-EFM, Doc. 29 (D. Kan. June 29, 2020). The order imposing filing restrictions places restrictions on filing new actions and also provides that "[w]ith the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Lynn or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court." *Id.* at 7. Plaintiff appealed the order imposing filing restrictions and the Tenth Circuit Court of Appeals dismissed the appeal for failure to prosecute on November 18, 2020. *See Lynn v. Lundry*, Case No. 20-3138, Doc. 010110439851 (10th Cir. Nov. 18, 2020). Plaintiff filed a petition for writ of certiorari, which is currently pending before the Supreme Court of the United States. *See Lynn v. Lundry*, Case No. 21-5296 (Sup. Ct.).

Plaintiff has been previously advised that the Court will not issue a stay or set aside an order entered by another judge in another case. The Court previously denied Plaintiff's request for relief from the filing restrictions, finding that:

> although the filing restrictions are applicable to all Plaintiff's cases pending or initiated in the U.S. District Court for the District of Kansas, the filing restrictions were imposed on Plaintiff in another case and by another judge. Plaintiff appealed that decision, and the Tenth Circuit Court of Appeals dismissed the appeal on November 18, 2020 for failure to prosecute. *Id.* at Doc. 36. Therefore, the filing restrictions have not been set aside or modified and are currently in place. The undersigned declines to modify the order entered by Judge Melgren. *See Lynn v. Goddard*, No. 16-3048-SAC (D. Kan. April 5, 2016) (Doc. 21) (an unassigned judge declined to take action in the case, finding that "Plaintiff seeks an improper intrusion into the administration of an action pending before another judicial officer."); *see also Lynn v. Cline*, Case No. 19-3003-EFM-KGG (D. Kan. June 16, 2020) (Doc. 79, at 4–5) ("In fact, much of Plaintiff's motion is in effect his objection to the order for filing restrictions in Case No. 20-3116. Those arguments can be taken up in that case, as Plaintiff was given an opportunity to show cause why the filing restrictions should not be imposed.").

4

(Doc. 45, at 40–41.)

At this time, the filing restrictions order entered in Case No. 20-3116-EFM is valid and has not been stayed or set aside by the presiding judge in that case or an appellate court. If Plaintiff receives such relief in the future, he should notify this Court. Plaintiff has not filed a motion for the undersigned to recuse, and any suggestion that the undersigned should recuse based on adverse rulings is unwarranted and not properly before the Court.

Plaintiff is also seeking to add a claim and defendants regarding his medical care at EDCF in late July 2020. Plaintiff states that he believes he raised this claim, but that the claim was not included in the order for a *Martinez* Report. Plaintiff did previously raise this claim, and the claim was dismissed when the Court screened Plaintiff's FAC. *See* Doc. 45, at 11, 24–25. Therefore, the Court did not order the KDOC to include that claim in the *Martinez* Report. The claims currently pending in this case involve Plaintiff's medical care on specific dates at the Lansing Correctional Facility and the Hutchinson Correctional Facility. Plaintiff's attempt to resurrect the previously dismissed claim regarding his medical care at EDCF is without merit. The Court dismissed the claim and found that Plaintiff was not entitled to "another opportunity to amend his complaint." *Id*. at 43.

To the extent Plaintiff seeks in the alternative to obtain pre-authorization to file a new action based on the imminent danger exception to the three-strikes provision, Plaintiff must present those arguments to the judge assigned to any newly-filed action. The Court does not grant advisory opinions on whether or not a plaintiff will be granted an exception to the three-strikes provision under 28 U.S.C. § 1915(g).

The remaining issues raised in Plaintiff's submissions seek relief which the Court has previously refused to grant to Plaintiff. Plaintiff has been advised by the Court on previous

5

occasions that the Court does not get involved in day-to-day prison operations, any on-going complaints unrelated to this case must be pursued through the facility's grievance procedures prior to filing a new case regarding the issue, and Plaintiff is not entitled to the relief he seeks in the form of an investigation by the United States Attorney's Office or a federal grand jury.[3] Plaintiff has also been advised that his requests to set aside his conviction in his 1996 state criminal case or any request for release must be brought in a habeas action and are not properly before the Court in this civil rights case. Any claim Plaintiff believes he has regarding court access or his current conditions of confinement at EDCF are unrelated to the claims remaining in this case and must be pursued in a separate action after exhausting administrative remedies. To the extent Plaintiff expresses concern that EDCF staff are refusing to process his filings with this Court, the Court notes that it has received seven recent filings on Plaintiff's behalf from staff at EDCF.

Plaintiff expresses concern that he will be unable to meet his filing deadline in *Lynn v. Kelly*. The Court notes that in Plaintiff's appeal of Case No. 19-3003-EFM pending before the Tenth Circuit Court of Appeals, Plaintiff sought an extension of time and was granted an extension until October 13, 2021, to submit his appellant brief. *See Lynn v. Kelly*, Case No. 21-3094, Docs. 010110568060 and 010110568344 (10th Cir. Aug. 27, 2021). Any claims regarding the denial of court access should be brought in a separate action after completing the facility's grievance procedures. The *Martinez* Report in this case is due on October 10, 2021. Therefore, nothing is due from Plaintiff in this case at this time.

Plaintiff's proposed filings submitted on September 1 and 7, 2021, do not entitle him to relief. Therefore, the Court declines to authorize them in light of Plaintiff's filing restrictions.

---

[3] The Court previously held that "Plaintiff has a history of initiating actions and utilizing them as a means of seeking relief for daily on-going grievances instead of prosecuting his underlying claims." (Doc. 45, at 44.) The Court also noted that Plaintiff has sought similar requests regarding referrals to the United States Attorney's Office and to a federal grand jury and "has been informed that he is not entitled to this relief." *Id*. at 41.

THE COURT THEREFORE ORDERS that Plaintiff is not entitled to relief pursuant to Docs. 54, 55 and 56.  The Court directs the Clerk to strike these pleadings as unauthorized filings pursuant to Plaintiff's filing restrictions.

THE COURT FURTHER ORDERS that the Court denies authorization of Plaintiff's proposed filings submitted to the Court on September 7, 2021.  The Court directs the Clerk to retain a copy of these submissions for future reference.

IT IS SO ORDERED.

Dated: September 8, 2021                             /s/ *Holly L. Teeter*
                                                                       HOLLY L. TEETER
                                                                       UNITED STATES DISTRICT JUDGE