IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

    v.

CHARLIE WILLNAUER, et al.,

    **Defendants.**

Case No. 5:19-cv-03117-HLT

## MEMORANDUM AND ORDER

Plaintiff, Patrick C. Lynn, brings this pro se prisoner civil rights case under 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 28.) On April 13, 2021, the Court screened Plaintiff's First Amended Complaint ("FAC") and entered a Memorandum and Order denying without prejudice Plaintiff's request for appointment of counsel; directing the officials responsible for the operation of the Lansing Correctional Facility and the Hutchinson Correctional Facility to provide a *Martinez* Report regarding Plaintiff's medical care on various dates; and dismissing various claims and defendants set forth in the FAC. (Doc. 45.) This matter is before the Court on Plaintiff's Objection (Doc. 60) to any further extensions of time to file the ordered *Martinez* Report; and Plaintiff's Motion for Order (Doc. 61).

The *Martinez* Report was originally due on June 14, 2021. On June 11, 2021, counsel for the Kansas Department of Corrections ("KDOC") filed a motion for an extension of time, indicating that counsel had conferred with Plaintiff and Plaintiff had no objection to the extension

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

of time.  (Doc. 49, at 3.)  The Court granted the motion and extended the deadline to August 11, 2021.  On August 11, 2021, the KDOC filed a second motion for an extension of time, indicating that counsel had directly consulted with Plaintiff and Plaintiff had no objection.  (Doc. 52, at 3.)  The Court granted the motion and extended the deadline to October 10, 2021.  (Doc. 53.)

On October 8, 2021, counsel for the KDOC filed a third motion for an extension of time, seeking an additional thirty days to submit the report.  The motion indicates that counsel discovered that the new healthcare contractor needed to be involved for some claims at the Lansing Correctional Facility, and that counsel is waiting to receive affidavits from staff on behalf of the new contractor.  The motion notes that the state counsel at the Lansing Correctional Facility, who was responsible for preparing the factual investigation at that facility, resigned.  Counsel indicates in the motion that a letter was sent to Plaintiff last week indicating that counsel was seeking an extension, and Plaintiff has not yet responded.

The Court granted the motion and extended the deadline for filing the report to November 9, 2021.  After entering the order, the Court received Plaintiff's objection.  Plaintiff indicates that he objects to any further extensions of time to file the report.  Plaintiff attaches the September 30, 2021 letter he received from counsel for the KDOC regarding the requested extension of time.  The letter states that "[i]f you have any objection to my request, please let me know and I will include your objection in my request."  (Doc. 60, at 4.)  Plaintiff's objection also includes statements regarding a judge that is not assigned to this case.  Unhelpful statements about a judge that is not involved in this case will not be tolerated by the Court.

The Court is sympathetic to Plaintiff's frustration over the delays in this case and acknowledges his concerns about any further extensions.  Based on the reasoning set forth in the recent motion for an extension of time, the Court reaffirms its order granting that extension.

2

However, the Court is not inclined to grant any further extensions absent compelling circumstances.

Plaintiff has also filed a motion asking the Court to intervene and order the EDCF Warden and the Secretary of Corrections "to immediately give [him] hands on law library access & to use 1 of the dozen plus Lexis terminals at least 4 hrs. per each day or nite 7 days a week if necessary to catch-up on [his] needs & obligations & 3 days a week @ 4 hrs. each day, or in the alternative, appt. a competent & conscientious atty." (Doc. 61, at 3.)

Plaintiff is subject to filing restrictions imposed on him in *Lynn v. Lundry*, Case No. 20-3116-EFM, Doc. 29 (D. Kan. June 29, 2020). The order imposing filing restrictions places restrictions on filing new actions and also provides that "[w]ith the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Lynn or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court." *Id*. at 7.

Plaintiff has previously sought similar relief to that he requests in his current motion. The Court has previously found that "Plaintiff has been advised by the Court on previous occasions that the Court does not get involved in day-to-day prison operations, any on-going complaints unrelated to this case must be pursued through the facility's grievance procedures prior to filing a new case regarding the issue . . . Any claim Plaintiff believes he has regarding court access or his current conditions of confinement at EDCF are unrelated to the claims remaining in this case and must be pursued in a separate action after exhausting administrative remedies." (Doc. 57, at 5–6.) The Court has also previously noted that "nothing is due from Plaintiff in this case at this time." *Id*. at 6. Plaintiff is not entitled to relief pursuant to his motion.

THE COURT THEREFORE ORDERS that Plaintiff is not entitled to relief pursuant to Doc. 61.  The Court directs the Clerk to strike this pleading as an unauthorized filing pursuant to Plaintiff's filing restrictions.

IT IS SO ORDERED.

Dated: October 8, 2021                            /s/  *Holly L. Teeter*
                                                          HOLLY L. TEETER
                                                          UNITED STATES DISTRICT JUDGE