IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    Plaintiff,

    v.

CHARLIE WILLNAUER, et al.,

    Defendants.

Case No. 5:19-cv-03117-HLT

**MEMORANDUM AND ORDER**

    Plaintiff Patrick C. Lynn brings this pro se prisoner civil rights case under 42 U.S.C. § 1983. He is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. Doc. 28. On August 1, 2022, the Court entered a Memorandum and Order (Doc. 82) directing the Clerk to send waivers of service of summons to the following Defendants: Dr. Charlie Willnauer; HSA Aleycia McCullough; Debra Lundry; Todd Koob; Ziauddin Monir, M.D.; and Dr. Barry Lewis-Harris.

    The Memorandum and Order at Doc. 82 was returned as undeliverable for Defendants Lewis-Harris and McCullough. Docs. 83, 84. The postal notice indicates that the mail was "NOT DELVERABLE AS ADDRESSED UNABLE TO FORWARD." *Id*. The returned mail also includes a notation, presumably from the facility, stating "Return to Sender – no longer employed @ this address." *Id*. Plaintiff identifies Defendant Lewis-Harris as a Corizon doctor and Defendant McCullough as the HSA contract employee with Corizon and/or Centurion. The *Martinez* Report includes affidavits from staff and defendants, but does not include an affidavit from McCullough or Dr. Lewis-Harris. Doc. 63. The Report provides that "[o]ther defendants

changed employment and became difficult to locate, as well as one doctor, Dr. Barry Lewis-Harris, who has not been located, but is believed to be practicing in Tennessee." Doc. 63, at 25.

Plaintiff's in forma pauperis status means that he was entitled to rely on the Clerk and the United States Marshal's Service to effect proper service of process on his behalf, but "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) (citing *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479–80 (10th Cir. 1988) (concluding the Marshal's Service was not culpable for failure to effect service in an *ifp* case where the plaintiff had named the wrong defendant); *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994) (dismissal of *ifp* case for Marshals Service's failure to effect service is improper unless the service defect "result[s] from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff"); *cf. Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.")).

Plaintiff is responsible for providing the correct service address for these individual defendants. *See Pemberton*, 673 F. App'x at 865. The Court directs Plaintiff to provide the correct service addresses for Defendants Lewis-Harris and McCullough. If Plaintiff fails to comply, his claims against these unserved defendants will be subject to dismissal without prejudice for failure to effect service. *See* Fed. R. Civ. P. 4(m).

THE COURT THEREFORE ORDERS that Plaintiff shall provide the Court with correct service addresses for Defendants Lewis-Harris and McCullough by **September 6, 2022.** If Plaintiff fails to comply, his claims against these unserved defendants will be subject to dismissal without prejudice for failure to effect service.

IT IS SO ORDERED.

Dated: August 19, 2022                                    /s/  *Holly L. Teeter*
                                                          HOLLY L. TEETER
                                                          UNITED STATES DISTRICT JUDGE