IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

    v.

CHARLIE WILLNAUER, et al.,

    **Defendants.**

Case No. 5:19-cv-03117-HLT

# ORDER

Plaintiff Patrick C. Lynn brings this pro se prisoner civil rights case under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Request for Orders (Doc. 135). Plaintiff has filed a response to the pending dispositive motions (Doc. 134) and includes in his response a request for orders. Plaintiff requests: an opportunity to file a second amended complaint to cure any oversights; to depose various Defendants, unidentified guards, and defense counsel to ascertain "why they corruptly edited & destroyed the video security cameras tapes" from December 2019; to have an attorney appointed to represent him for the purpose of conducting discovery; additional time to respond; and a court order for polygraph tests to be administered to Plaintiff, Defendants, and defense counsel. Plaintiff also claims that he did not receive a copy of Exhibit 32 to the *Martinez* Report, which he alleges consists of his medical records from April 2019 forward.

The *Martinez* Report was filed on November 8, 2021. (Doc. 63.) Exhibit 32 to the Report was filed conventionally and under seal on November 12, 2021. (Doc. 69.) The KDOC filed a response on January 13, 2022, indicating that Exhibits 4 and 32 were sent to Plaintiff's unit team for Plaintiff to view through assistance from his unit team. (Doc. 74, at 1–2.) The Exhibits were

mailed to Plaintiff's unit team when the Report was filed, and counsel was unaware that the discs were missing. *Id*. at 2. Therefore, a second set of discs was sent to the unit team around January 13, 2022. *Id*. Plaintiff has not made any complaints about a failure to review this second set of discs.[1] On March 8, 2022, the Court entered an Order denying Plaintiff's request to have the Court order staff to act as a "medical record guide" and to have hard copies of his medical file, noting that Plaintiff has had access to view his records on disc. (Doc. 79, at 1.) Plaintiff filed his response to the Report on April 11, 2022, and cites to the Exhibits. (Doc. 80, at 4, 17.) Nowhere in the response does Plaintiff suggest that he was not given the opportunity to review the discs.

Plaintiff also seeks additional time to respond to the dispositive motions. He claims that he had eight days "stolen" from him due to a delay in receiving notice. However, Plaintiff has separately filed a motion based on the eight-day delay, and the Court granted the motion and extended Plaintiff's deadline to respond. (Doc. 133.) Therefore, any current request for additional time is denied.

Any request by Plaintiff to file an amended complaint at this late stage of the proceedings is denied. Plaintiff filed this case on July 2, 2019. (Doc. 1.) He filed his First Amended Complaint on February 8, 2021. (Doc. 43.) A *Martinez* Report has been submitted, and all of the defendants have either answered or filed dispositive motions. Courts generally refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation omitted). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave

---

[1] In fact, in a pleading that was subsequently stricken due to Plaintiff's filing restrictions, he acknowledged that "on 3/4/22, I was able to make notes from viewing the <u>edited</u> by Jon Graves C/D exhibits filed w/his Martinez Report . . ." (Doc. 78, subsequently stricken from the record).

to amend." *Id*. Plaintiff's request to amend at this stage of the proceedings "to clear up oversights" constitutes undue delay and would be unduly prejudicial. Furthermore, Plaintiff has failed to attach a proposed amended complaint as required by the Court's local rules. *See* D. Kan. Rule 15.1(a) ("A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: . . . (2) attach the proposed pleading or other document.").

Any requests by Plaintiff, including requests for discovery, the appointment of counsel, to amend his compliant, and for an order for polygraph tests, are denied. Plaintiff has sought these same requests multiple times throughout this case. The requests are denied for the same reasoning previously set forth in orders denying his previous requests. *See, e.g.,* Doc. 45 (denying request for appointment of counsel and declining request to grant Plaintiff another opportunity to amend his complaint); Doc. 89 (order denying motion seeking discovery and motion for appointment of counsel).

THE COURT THEREFORE ORDERS that Plaintiff's Request for Orders (Doc. 135) is denied.

IT IS SO ORDERED.

Dated: April 19, 2023                               /s/  *Holly L. Teeter*
                                                    HOLLY L. TEETER
                                                    UNITED STATES DISTRICT JUDGE